[Nolen, *et al.* v. Doss *et al.*]

# Nolen *et al. v.* Doss *et al.*

*Final Settlement of the Administration of an Estate.*

1. *Descent and distribution; when widow is entitled to all the personal property of deceased husband.*—Under the statute, where a person dies intestate and leaves a widow but no children, the widow is entitled to all the personal estate, (Code, § 1462); and the fact that at the time of the death of the husband he and his wife were separated, does not affect the descent and distribution as prescribed by the statute, provided the marriage relation in law continued.

2. *Same; same; admissibility of evidence.*—Where, on the final settlement of the administration of a decedent's estate, the material question is as to whether or not his widow is entitled to take the personal property of the estate, there being no children, testimony tending to show that the wife of the decedent, at the time of his death, lived apart from him and cohabited with another man, holding herself out as his wife, is incompetent, immaterial and properly excluded.

3. *Final settlement of administration; widow competent witness.* On the final settlement of the administration of decedent's estate, the widow is a competent witness to testify to the fact of her marriage with decedent.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. J. P. STILES.

The proceedings in this case were had upon the final settlement of an administration of the estate of Otis Doss, deceased. The appellants who were the defendants in the court below and filed exceptions to the account of the administrator, were the sister of the deceased and the children of the brother of the deceased.

It is claimed by the appellees that Julia Doss is the widow of the deceased, Otis Doss, and as such is entitled to receive the entire estate, which consists entirely of personal property. That she is the widow, or, at least, such widow as can inherit the estate, is denied by the appellants.

Otis Doss died in Jefferson county, Alabama, on the 29th day of August, 1899, and on the 16th day of September, 1899, the said Julia, giving her name as Julia Doss, and Robert C. Redus, filed their petition to be appointed administrators of the estate of the deceased, the said Julia claiming to be widow of the deceased, and asking that Redus be joined with her as co-administrator. They were duly appointed and they duly qualified as such administrators, but on the 12th day of October, 1899, the said Julia resigned as administratrix, leaving the said Redus as sole administrator of the estate, who has acted as such ever since.

On the 19th day of October, 1899, the said Julia, claiming to be the widow of the deceased, filed a petition in the probate court asking that her exemptions as such widow be set apart to her. The court appointed commissioners to set off and allot to her the exemptions; and on the 23d day of November, 1899, the court confirmed the report of the commissioners and ordered that certain articles of personal property and $988.36 in money be allowed to her as such widow. Of this proceeding the heirs, appellants herein, had no notice or knowledge.

On the 17th day of September, 1900, the administrator filed his account for final settlement, naming the said Julia, and these appellants, and the four minor heirs referred to, as "the heirs and distributees of said deceased." The account further showed that the administrator had paid out to the said Julia the amount of $811.30.

The said heirs, Essie Nolan and others, the appellants, then filed exceptions to the said account, objecting to the allowance of the various credits for money paid the said Julia. The administrator demurred to the exceptions, and the court sustained the demurrer. The appellants then filed their claim as distributees of the estate, and the said Julia then presented her claim in the form of a petition, as widow and sole distributee of the estate. The appellants then filed their answers to the said claim of the said Julia.

Upon the hearing of the evidence, the court confirmed and allowed the account of the administrator, and held

that the said Julia was the widow of the deceased, Otis Doss, and as such entitled to inherit the entire estate of the deceased, which consisted of personal property only. To the rendition of this decree the defendants duly excepted. Defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

J. W. BUSH, JAS. A. MITCHELL and J. G. CREWS, for appellant, cited *Prater v. Prater,* 87 Tenn. 78; *Odiorne's Appeal,* 54 Pa. St. 175; *Arthur v. Israel,* 15 Col. 147.

ROBERT J. LOWE, *contra.*—The statute provides that "the widow, if there are no children, is entitled to inherit all the personal estate."—Code, § 1462; *Pelier v. McCoy,* 15 Ala. 439; *Martin v. Martin,* 22 Ala. 86; *Williams v. McCouird,* 27 Ala. 572.

DOWDELL, J.—This is an appeal from a decree of the probate court of Jefferson county on final settlement by the administrator of the estate of one Otis Doss. While a number of exceptions were reserved on the hearing to the rulings of the court, the material question is as to whether one Julia Doss was entitled to take the personal property of the estate, there being no children.

The statute directs the disposition of the estate of one dying intestate. Code, section 1462, provides as follows: "The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all of the personal estate," etc. The statute makes no exceptions on account of the wife's conduct, not even in cases of voluntary abandonment by her of the husband. The law as it is written is plain, and it is not within the province of the courts to engraft upon it any exceptions. As long as the marriage relation in law continues, just so long the rights of the wife under this statute exist. The evidence with-

out dispute showed the marriage of Julia and Otis, that they lived together as husband and wife for many years, and up to about four years before the death of Otis, and that the said Otis died leaving no children. On this state of the proof under the statute Julia was entitled as the widow of decedent to all of the personal property of the estate of the decedent intestate after the payment of the debts and charges against the estate.

The evidence offered by appellants tending to show that Julia, after separation from her husband, lived and cohabited with another man, holding herself out as his wife, was properly excluded as being immaterial to the issue. The doctrine of estoppel insisted on by counsel, has no application.

The competency of the wife to testify to the fact of her marriage with the deceased husband is not affected by the exception contained in section 1794 of the Code. The contest here is between the parties claiming to be distributees of the estate—as to whether the appellants are the distributees, or the appellee Julia Doss is the sole distributee. The estate of the decedent is not interested in the result of this controversy within the meaning of the statute.—*Henry v. Hall*, 106 Ala. 84; *Snider v. Burks*, 84 Ala. 53; *Kumpe v. Coons*, 63 Ala. 448.

We find no error in the record requiring a reversal of the decree of the court.

Affirmed.