# Coker, *et al. v.* Coker.

*Allotting Land to Widow.*

(Decided May 13, 1909.  49 South. 684.)

*Exemption; Homestead; Right of Surviving Wife; Effect of Abandonment of Husband.*—Although husband and wife had been living apart for two or three years prior to the death of the husband, yet, if there has been no legal dissolution of the marriage relation, the wife is entitled to homestead exemptions from his lands, and may have land allotted to her as exempt in lieu of the homestead as provided in section 4197, Code 1907.

APPEAL from St. Clair Probate Court.

Heard before Hon. W. S. FORMAN.

Margaret Coker applied to the probate court to have lands allotted to her as exempt in lieu of homesteads out of the lands left by her deceased husband. Commissioners were appointed who allotted the land and made report thereof. From a decree confirming the report G. W. Coker and others, heirs of the estate appeals. Affirmed.

J. A. EMBRY, and JOHN H. MILLER, for appellant.— The wife by deserting both her husband and his home forfeits her right to his homestead at his death.—9 A. & E. Ency of Law; 500; 21 Cyc. 565; 8 Tex. 312; 9 Tex. 630; 45 Tex. 557; 64 Tex. 705; *Norton v. Norton,* 94 Ala. 485; *Barbour v. Williams,* 74 Ala. 331.

J. P. MONTGOMERY, for appellee.—The wife or widow was entitled to homestead, since no exception is made in section 2069 or section 2070, Code 1896.—*Nolan v. Doss,* 133 Ala. 259.

DENSON, J.—This is an appeal from a decree of the probate court of St. Clair county, confirming the report

of commissioners, allotting 40 acres of land to the widow of a deceased owner as exempt to her under section 4197 of the Code of 1907. Assuming that the record properly presents the question for review, the sole question for determination is whether a widow, who had lived apart from the husband for two years or more prior to his death, but between whom and the husband there had been no dissolution of the martial relations, is entitled to a homestead exemption.

We regard the question as being ruled in the affirmative by the decision in the case of *Nolen v. Doss,* 133 Ala. 259, 3 1South. 969. It was there urged, upon the grounds made the basis of the contention in this case, that the widow was not entitled to share in the distribution of the husband's personal estate. The court, speaking through the present Chief Justice, said: "The law as it is written is plain, and it is not within the province of the court to ingraft upon it any exceptions. As long as the martial relation in law continues, just so long the rights of the wife under this statute exist." The principle is the same in respect to the rights of the widow to have realty of the husband exempt to her. The statute does not make separation terminate the widow's right, and it would be judicial legislation if the courts should do so.

There is no error in the decree, and it is accordingly affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.