# Chamboredon *v.* Fayet, *et al.*

*Bill to Set Aside a Homestead and Certain Personal Property to the Widow and Minor Heirs, and to Remove Administration into Chancery Court.*

(Decided January 19, 1912. Rehearing denied February 17, 1912. 57 South. 845.)

1. *Homestead; Persons Entitled; Children.*—Under section 4197, Code 1907, a minor daughter of a decedent, who had never been a member of his family, her mother having been divorced from her father shortly after her death, is entitled to a homestead out of his realty.

2. *Same; Children; Divorce.*—Section 3816, Code 1907, does not conclude the homestead rights of the children of the marriage, although it bars the divorced wife's right to dower in the realty of her husband, and any distributive right in his personalty .

[Chamboredon v. Fayet, et al.]

3. *Same; Wife.*—Although living apart from her husband for years prior to his death, a wife is entitled to a homestead out of the property of the husband under section 4197, Code 1907.

4. *Same; Will.*—A testator cannot by a will cut off the right of his widow and minor children to claim a homestead under section 4197, in lands belonging to him at the time of his death.

5. *Same.*—The right of a minor child to a homestead under section 4197 is not barred by a voluntary distribution of decendent's estate between his other children who were his legatees; the testator not being able to bar the right by will, and a voluntary distribution not being a final distribution or order of the probate court.

6. *Same; Duty of Court.*—It is the duty of the probate court to have a homestead selected for them if the widow or minor children fail to make such selection, but there is no such duty upon the executors or administrators of decedent.

7. *Same; Acquisition; Waiver.*—Under section 4197, Code 1907, no laches on the part of the widow or guardian of a minor child will bar the right to claim homestead until there has been such final disposition or distribution as contemplated by the statute.

8. *Same; Abandonment.*—The right to homestead is a mere personal privilege which is waived unless claimed before the property is sold for debts or distribution.

9. *Executors and Administrators; Exemptions to Widow and Children.*—Under section 4200, Code 1907, the exemptions provided can only be taken out of personalty, and cannot be derived from the sale of realty.

10. *Same; Administration; Exemption.*—Where the guardian of a minor child abandoned the contest of the will of her ward's father, in consideration of a cash payment by the legatees named, the rights of the minor to the exemption of $1,000.00 provided by section 4200, Code 1907, is not lost, as the consideration so paid is not a part of the property disposed of by the will.

11. *Same; Assets of Deceased Husband; Property of Wife.*—Jewelry which a wife permits her husband to wear during his life, but which was the property of the wife, does not become part of his estate.

12. *Same; Allowance to Children; Property Subject.*—An iron safe and electric battery are not articles of personal apparel, nor household nor kitchen furniture necessary for the use and comfort of a family, and a minor child cannot claim such articles as exempt from administration under section 4199, Code 1907.

13. *Same.*—Under section 4199, Code 1907, a minor child is entitled to the watch and chain belonging to its deceased father.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Adele Chamboredon as guardian of Clio May Fayet, against Tony Fayet and others, to remove

an administration from the probate to the chancery court, and have a homestead and certain articles of personal property, together with $1,000.00 in money set aside to such minor as exempt. From a decree dismissing the bill complainant appeals. Reversed and remanded.

J. B. AIRD, and ARTHUR L. BROWN, for appellant. The court had jurisdiction to remove the cause as no steps had been taken looking to a final settlement of the estate.—*Baker v. Mitchell,* 109 Ala. 409; *Greenhood v. Greenhood.* 143 Ala. 440; *Bressler v. Blum,* 147 Ala. 504; *Hinsford v. Magnus & Co.,* 150 Ala. 288. The payment to the guardian of the ward of a cash consideration not to contest the will did not have the effect to deprive her of the exemptions provided by the statute.—Secs. 4197, 4199, 4200, Code 1907; *Bell v. Bell,* 84 Ala. 64; *Hubbard v. Hubbard,* 73 Ala. 578. But for the divorce, the widow would have been entitled to exemptions in the particular homestead, although she never resided upon it with her husband.—*Coker v. Coker,* 160 Ala. 269.

HENRY UPSON SIMS, for appellee. There is no obligation upon the executor to set apart the exemption.—*Henderson v. Tucker,* 70 Ala. 381. The duty is upon the minor or the court in the event the appraisers or commissioners fail, and when the court, appraisers and commissioners all fail, the minor or her guardian may either petition the probate court or file a petition in equity.—*McLean v. Martin,* 155 Ala. 208. The minor may elect whether to have the homestead, when too valuable, sold, or whether to claim other property in lieu of homestead.—Sec. 4208, Code 1907; *Dolan v. Dolan,* 91 Ala. 152; *Jackson v. Rowell,* 87 Ala. 685. Where

the homestead does not exceed the statutory value, it invests in the exemptioner immediately because selection is unnecessary, and it occurs with or without administration.—*Headon v. Headon,* 54 South. 646; *Faircloth v. Carroll,* 137 Ala. 243. If a homestead is worth more than the exemption allowed, title cannot vest without administration and a selection.—*Drake v. Sewell,* 145 Ala. 581; *Singo v. McGhee,* 160 Ala. 245; *Jackson v. Wilson,* 117 Ala. 432. Where a selection is necessary, both as to the $1,000.00 in cash and as to the homestead, it must be made before the property is subjected to the payment of debts or the distribution.—*Mitchum v. Moore,* 73 Ala. 542; *Chandler v. Chandler,* 87 Ala. 300; *Jackson v. Wilson, supra.* Clearly the minor had a right at law to recover the specific personal wearing apparel of the father, and hence, cannot recover in this suit.—*Jackson v. Wilson, supra; Carter v. Hinkle,* 13 Ala. 529. The thousand dollar exemption allowed by the statute must be regarded as a part of the $8,000.00 paid for waiving contest.—Sec. 4200, Code 1907; *Hunter v. Law,* 63 Ala. 365. Under the facts in this case it is too late for the minor to recover the homestead since the execution of the will in due course has resulted in a final distribution of the realty.—*Chandler v. Chandler,* 87 Ala. 300; *Little v. McPherson,* 76 Ala. 552; *Seals v. Pheiffer,* 84 Ala. 359; *Henderson v. Tucker, supra; Mitchum v. Moore, supra; Jackson v. Wilson, supra.*

SAYRE, J.—This bill is filed by Adele Chamboredon, as duly appointed guardian of her infant daughter, Clio May Fayet, both residents of this state, against the three executors of the will of August Fayet, deceased, and his eight adult children, two of whom are also executors and made parties defendant as such. The third executor, also a party, is a son-in-law of the dece-

dent. The bill avers that the executors are proceeding to administer the estate in the probate court in utter disregard of the claims and rights of complainant's ward, and are dividing the property among themselves and the other defendants, but that no steps have been taken for a final settlement in the probate court. The purpose of the bill is to have a homestead, $1,000 in money, and certain articles, to wit, a diamond ring, diamond stud, gold watch and chain, set ring, cuff buttons, iron safe, and electric battery, alleged to have constituted a part of decedent's wearing apparel and household furniture, declared exempt to complainant's ward and set apart to her use and benefit, and, in order that the relief sought may be made more effective, to have the administration removed into the court of chancery. By pleading and uncontradicted evidence it appears that decedent was thrice married. His eight adult children were the offspring of his first marriage. His second wife died childless. Complainant had been decedent's third wife, and her ward was the child of that marriage. Decedent had procured a decree of divorce from complainant on the ground of abandonment, and by that decree the custody, care, and control of the child was awarded to and imposed upon complainant in this cause, who thereafter resumed her maiden name, and is now known as Mrs. Adele Chamboredon. The wife was awarded alimony. At the same time, and, it may be inferred, in pursuance of some provision in the decree of the court granting alimony though that decree is not before us, decedent conveyed to complainant, as trustee for her infant daughter, real property valued at $1,667. Clio May never lived with her father, having been born after the separation of her parents, but before the divorce. Decedent left a large estate, consisting of real and personal property. By his will he divided his en-

tire estate among the children of his first wife, referred to his former provision for his divorced wife, and left to his infant daughter $1.

In his decree dismissing the bill the chancellor assigns no reason for his conclusion that the complainant was not entitled to relief. Appellees seek to justify the result on various grounds, which will be stated and considered.

It seems to be contended, on the authority of *Ex parte Pearson*, 76 Ala. 521, that complainant's ward is not entitled to exemptions of any sort, because she was never a member of decedent's family. In that case it was held that the exemptions of personal property to the widow and minor children of a decedent, under the Code of 1876, like the exemption of a homestead, contemplated the existence of a family relation in this state, so that where a decedent died in this state, after a residence of several years, while his wife and children continued to reside at his former residence in another state, and never came to this state until after his death, they were not entitled to statutory exemptions of personalty. This was put upon the language of section 2824 of the Code of 1876, providing that "any person dying, leaving a widow, or child, or children, under the age of twenty-one years, members of his family, in addition to the exemption heretofore made under this chapter [homestead exemption], there shall be exempt all the wearing apparel of the deceased," etc. But the law was significantly changed in the codification of 1886, when the section was made to read: "In favor of the widow and minor child or children, or either, of such decedent, there shall be exempt from administration and the payment of debts * * * all the wearing apparel of the decedent," etc.—Code 1886, § 2545. Such has been the language of the provision since that time.—Code 1907,

§ 4199. And in 1903 (Acts 1903, p. 150) section 2070 of the Code of 1896, which provided for exemptions in lieu of homestead, was amended so as to read as section 4197 of the Code of 1907 now reads; the effect being that, if decedent, at the time of his death, has no homestead exempt to him, or has no other real estate out of which a homestead can be carved, "the widow and minor children, or either of them, may by petition in the probate court, or by bill in equity, have the homestead or any other real estate owned by the decedent at the time of his death sold, and two thousand dollars of the purchase money therefor applied by the court in the purchase of a homestead for the benefit of such widow and minor children, or either of them: Provided such petition or bill in equity is filed before a final distribution of the assets of decedent's estate has been made. * * * And in no case, and under no circumstances, shall the widow and minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided, before final distribution of the decedent's estate." The decree of divorce barred the wife of her dower, and of any distributive share in the personal estate of her husband (Code, § 3816); but no rights of the child were concluded by that decree, nor do the statutes of the state express a policy which would cut off her homestead right. But for the decree of divorce the wife would have been entitled to homestead, notwithstanding she had lived apart from her husband for years prior to his death.—*Coker v. Coker,* 160 Ala. 269, 49 South. 684, 135 Am. St. Rep. 99; *Nolen v. Doss,* 133 Ala. 259, 31 South. 969. The language of the statute providing for homestead and other exemptions for minor children covers the case of this child, and it is not within the province of the court to ingraft

upon it any exceptions.—*Walker v. Walker,* 181 Ill. 260, 54 N. E. 956; *Hall v. Fields,* 81 Tex. 553, 17 S. W. 82.

August Fayet had resided in Jefferson county for many years before his death, and at that time had a homestead there. His death occurred in April, 1908, and his will was offered for probate in the same month, but, for reasons to be stated further on, was not admitted to probate until June, 1909. The will contained a direction that the executors, for the purpose of making an equal distribution of testator's real estate among his eight adult children, should, as soon after his death as convenient, provide for a division of the realty among them. In the latter part of June, 1910, the executors proceeded to carry out this provision of the will; the said children adopting their acts in the premises by exchanging deeds among themselves. On this division the homestead was allotted to one of the sons. Complainant had never lived in this home place, and prior to the filing of this bill, which was in October, 1910, no demand or claim of homestead right had been made on behalf of her infant daughter. The evidence shows that the place, after being reduced to its lowest practicable area, is worth considerably more than $2,000. Where the homestead does not exceed $2,000 in value, or 160 acres in area, it vests in the exemptioner immediately upon the death of the parent or husband with or without administration. This because selection is unnecessary. But if the homestead is worth more than $2,000, there must be an administration and selection to vest title. The testator cannot by his will cut off the right of his widow and minor children, or either of them, to claim homestead or other exemptions under the statute. —*Bell v. Bell,* 84 Ala. 64, 4 South. 189; *Hubbard v. Russell,* 73 Ala. 578. But homestead and other exemptions are merely personal privileges, which are waived, unless

claimed at the time and in the manner prescribed by law. And where selection is necessary, it must be made before the property has been subjected to the payment of debts or sold for distribution.—*Jackson v. Wilson,* 117 Ala. 432, 23 South. 521; *Quinn v. Campbell,* 126 Ala. 280, 28 South. 676; *Newell v. Johns,* 128 Ala. 584, 29 South. 609; *Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182; *Dake v. Sewell,* 145 Ala. 581, 39 South. 819; *Headen v. Headen,* 171 Ala. 521, 54 South. 646; *Jarrell v. Payne,* 75 Ala. 577; *Sherry v. Brown,* 66 Ala. 51. Short of the period fixed by statute—that is, the final distribution of the estate of the decedent, as the statute now has it—no laches of the widow, or of the guardian for the minor children, can operate a waiver or loss of the right. In the event of the failure of both to make the selection, it is the duty of the judge of probate to appoint appraisers to make selection and set apart the property selected for appraisement.—*Mitcham v. Moore,* 73 Ala. 542. But no liability in this regard is placed by law upon an administrator (*Henderson v. Tucker,* 70 Ala. 381), and, of course, neither the law nor the will in this case imposed any upon the executors; but they might have saved a resort to chancery by a suggestion to the probate judge that the case called for the appointment of appraisers. And the statute, in order that the settlement of estates may not be unduly delayed, fixes a limit beyond which there can be no delay without forfeiture of the privilege, and, of necessity, minor children, in the absence of fraud, must be bound by the acts of those appointed by law to act for them. Now appellees, concurring in what has been said, indeed using the result of the cases cited as the basis of their argument, insist that, by the failure of those whose duty it was to act for the minor child to assert her right until the executors had distributed the realty among

testator's adult children in strict pursuance of the directions of the will, complainant's ward lost her right to an exemption in lieu of homestead. The pertinent language to be found at the conclusion of section 4197 of the Code has been quoted. We do not construe it to mean that an exemption in lieu of homestead may in any case be carved out of personalty or the proceeds of personalty. That has never been the law or policy of this state, and the language of the statutes, including section 4197 itself, at various places excludes the idea. And we may concede that it was not intended to uproot the statutory rule, long construed and established in the decisions of this court, that an application for exemption in lieu of homestead comes too late if deferred until the real property of the estate has been sold under the order of the court for the payment of debts or for distribution. There may be also substantial grounds for appellees' notion that the final distribution of which the statute speaks is a distribution of all the realty, out of which only can an exemption in lieu of homestead be carved, although it be decreed in advance of a final settlement of the estate. And, in short, the last clause of the section may be nothing more than a legislative declaration of the law as it was before the amendment of 1903. The objection to the exemption in this case must be determined upon another consideration. The real property of decedent's estate has not been distributed by any order, decree, or judgment of a court, within the contemplation of the last clause of section 4197 of the Code. The testator could not deprive complainant's ward of her exemption by his will, as we have seen.— *Hubbard v. Russell* and *Bell v. Bell, supra.* No more could the executors, carrying out the provisions of the will, or the devisees, acting among themselves to the same end. The property is still in the hands of the de-

[Chamboredon v. Fayet, et al.]

visees. No question about the possible rights of innocent purchasers being involved, the pleadings and proof fail to disclose any sufficient reason for denying to complainant's ward a right of which the statute says widows and minor children cannot be deprived in any case or under any circumstances, save only where there has been a final distribution of the decedent's estate. However broader the language of the amended section may be than the true legislative purpose, to be learned from other parts of the statutory system of exemptions and the decisions of this court, the section in its present as well as its former shape is sufficient to show that appellant's ward was entitled to the exemption in lieu of homestead claimed by her bill in the court below.

It has already been stated that the probate of August Fayet's will was delayed for about 14 months. This was because complainant, Adele Chamboredon, as guardian for her child, Clio May, set on foot a contest which was twice submitted to a jury without a decision of the issue. Then, by agreement, Mrs. Chamboredon, in consideration of $8,000 paid to her by the executors for the use of her daughter and ward, withheld active opposition to the probate of the will, and so it was admitted to probate in June, 1909. This was the form assumed by the transaction. The payment was in effect made by the adult devisees; each of them being charged by the executors with $1,000, and their receipts taken for that sum. And it is doubtful that the guardian had authority to make this compromise of the rights of her ward without the advice and consent of the probate or chancery court; but of this the parties are not now in a position to complain. It does not appear that in making or carrying into execution this agreement by which the executors were suffered to probate the will there was any effort to provide against the contingency

of the ward's future claim of exemptions. Toney Fayet, one of the executors, and the only one who testifies on the subject, deposes that "nothing was said in any of the agreements about withdrawing the contest with reference to exemptions to Clio May Fayet under the statute or otherwise." The evidence shows that the executors have undistributed in their hands a sum of money considerably in excess of $1,000. By section 4200 of the Code provision is made, in favor of widows and minor children, that there shall be exempt to them from administration and the payment of debts personal property to the amount of $1,000; but if the estate is solvent —as the estate of Fayet is—the value of such property shall, on final settlement and distribution of the estate, be credited on the distributive shares of the widow and children receiving the benefit thereof. This exemption is taken out of personalty; it cannot be derived from the sale of realty.—*Hunter v. Law*, 68 Ala. 365. Appellees insist that the $8,000 received by the minor in consideration of abandoning the contest must take the place of any interest she would have had in the personal estate, if there had been no will, or if the contest had been successful. But the executors and the guardian had no right to carry the agreement so far. Nor can the court, on consideration of supposed equities, assume any such agreement for them, because, if we assume, on the one hand, that the minor was entitled to an interest in the estate as if there were no will, her interest would far exceed the sum she received; and, on the other hand, if we deal with the estate as disposed of by a testament valid for every purpose but that of cutting off exemptions from administration, as it seems we must, the amount received in compromise must be considered to have been derived from some source other than the estate of the decedent. The court is not con-

[Chrichton v. Hayles.]

cerned about it. The will, having been duly probated, must stand as the law of the estate, except as modified by statute. The exemption of $1,000, having been asserted for the minor before final distribution, should have been allowed and made effective by a decree of the chancery court.

As for the articles of wearing apparel and household furniture claimed for the minor under section 4199 of the Code, the ring and the stud were proved to have belonged to testator's second wife, who gave them to him for his life only. They are not a part of his estate.

The iron safe and electric battery are not articles of personal apparel. They are hardly to be classed as articles of household or kitchen furniture necessary for the use and comfort of a family. They are not exempt from administration.

As for the other specific articles claimed as exempt, it seems that the claim should have been allowed.—*Phillips v. Phillips*, 151 Ala. 527, 44 South. 391, 125 Am. St. Rep. 40, 15 Ann. Cas. 157.

For the errors pointed out, the decree will be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.