# Johns, *et al. v.* Cannon.

### Bill to Carve Out Homestead Exemptions.

(Decided February 1, 1917.  74 South. 42.)

**Homestead; Widow; Effect of Marriage and Removal.**—Where a widow who would otherwise have been entitled to homestead rights in the land of her deceased husband intermarried with a non-resident and removed with him from the city, pending proceedings to have her homestead rights allotted to her and afterwards, but before consummation.of the proceedings, returned with her husband to reside in the city, she did not lose her right to claim the homestead; since under sections 4197-4199-4228, when construed together non-occupancy after allotment did not work an abandonment of the homestead and marriage and removal did not affect the right to claim.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Rose Johns Cannon for homestead exemptions to be carved out of certain real estate left by her former deceased husband, upon the sale of same.  There was decree for complainant and the heirs of the former deceased husband, L. W. Johns, appeal.

CABINISS & BOWIE for appellant.  BURGIN & BROWN for appellees.

MAYFIELD, J.—The abstract question of law involved on this appeal is whether or not a widow who would otherwise be entitled to homestead rights in the lands of her deceased husband would lose or forfeit such rights by intermarrying with a

nonresident and removing with him from the state, pending proceedings to have her homestead rights allotted to her, and afterwards, but before the consummation of such proceedings, returning with her husband to reside in the state. We feel no doubt that this question is correctly answered in the negative. The concrete case presented by the appeal is that appellee was the widow of one L. W. Johns, who died in the year 1912, in the city of Birmingham, leaving a considerable estate both in personalty and in lands. Appellee, as the administratrix of the estate of her deceased husband, proceeded in the probate court of Jefferson county, soon after the death of her said husband, to administer on the estate and to have allowed and allotted to her, her statutory exemptions as widow. The personalty was so allotted to her as such widow, but as to her homestead rights the allowance or allotment was not consummated in the probate court, because the commissioners appointed to allot the same reported that the homestead of the deceased husband, "after being reduced to its lowest practical area, still exceeds $2,000 in value, thereby rendering it impracticable to allot and set it off." Before sale of the homestead for the purpose of allowing $2,000 of the purchase price to be set aside to the widow as a homestead fund, as section 4220 of the Code directs, the administration of the whole estate, including the allotment of homestead, was removed into the chancery court of Jefferson county; and the widow, pending the proceedings, remarried, becoming the wife of a Mr. Cannon, who then resided in St. Louis, Mo. The parties resided for a time in Missouri; but both removed back to Birmingham, Ala., before the allotment of homestead and the conclusion of the administration of the estate, and were there residing when the decree was rendered allowing Mrs. Cannon $2,000, as a homestead fund, out of the estate of her former (deceased) husband. From the decree mentioned this appeal is prosecuted.

The main contention for appellants on this appeal is that appellee, as the widow of L. W. Johns, lost, forfeited, or abandoned her right to homestead by changing her residence to Missouri, as above indicated, and that this right did not reattach upon her subsequently becoming a resident of Alabama. A great deal of the argument and brief of counsel on each side is taken up in discussing the questions and citing authorities, to the end of showing that appellee, by intermarrying with Mr. Cannon, who resided in Missouri, and living there with him, lost her resi-

dence and domicile in Alabama. In the view we take of the case it is not necessary or important to consider these questions, for the reason that, even if appellants' contention as to the fact of a change of residence and domicile be correct, appellee's homestead right, which had theretofore attached, would not thereby be cut off or defeated.

It is true that this court has repeatedly declared that exemption and homestead statutes are intended for the benefit of residents only; but those decisions were construing statutes which exempted property to the resident only, or to "members of his family," and were not construing the statutes as now written. So far as our Constitution and statutes now exempt property to residents only, they are, and should be, so construed; but when the statutes no longer require that the widow or the minors be members of the husband's, or father's, family, in order to be entitled to the exempt property, the court should not write into such statutes such provisions, or that these parties must continue to reside in the state in order to enjoy the property which the statutes exempt to them on the sole conditions that the husband or father was a resident of the state at the time of his death, and owned such property as is exempt, and that the parties to whom it is exempt were then his widow or minor children, no matter where they resided. This change in the statutes, and therefore of the decisions, was recently pointed out by Mr. Justice SAYRE, in the opinion of the court in the case of *Chamboredon v. Fayet, et al.,* 176 Ala. 216, 57 South. 846, where it is said: "It seems to be contended, on the authority of *Ex parte Pearson,* 76 Ala. 521, that complainant's ward is not entitled to exemptions of any sort, because she was never a member of decedent's family. In that case it was held that the exemptions of personal property to the widow and minor children of a decedent, under the Code of 1876, like the exemption of a homestead, contemplated the existence of a family relation in this state, so that where a decedent died in this state, after a residence of several years, while his wife and children continued to reside at his former residence in another state, and never came to this state until after his death, they were not entitled to statutory exemptions of personalty. This was put upon the language of secion 2824 of the Code of 1876, providing that 'any person dying, leaving a widow, or child, or children, under the age of twenty-one years, members of his family, in addition to the exemption heretofore made under

[Johns, et al. v. Cannon.]

this chapter [homestead exemption], there shall be exempt all the wearing apparel of the deceased,' etc. But the law was significantly changed in the codification of 1886, when the section was made to read: 'In favor of the widow and minor child or children, or either, of such decedent, there shall be exempt from administration and the payment of debts  *  *  *  all the wearing apparel of the decedent,' etc.—Code 1886, § 2545. Such has been the language of the provision since that time.—Code 1907, § 4199. And in 1903 (Acts 1903, p. 150) section 2070 of the Code of 1896, which provided for exemptions in lieu of homestead, was amended so as to read as section 4197 of the Code of 1907 now reads; the effect being that, if decedent, at the time of his death, has no homestead exempt to him, or has no other real estate out of which a homestead can be carved, 'the widow and minor children, or either of them, may by petition in the probate court, or by bill in equity, have the homestead or any other real estate owned by the decedent at the time of his death sold, and two thousand dollars of the purchase money therefor applied by the court in the purchase of a homestead for the benefit of such widow and minor children, or either of them.'  *  *  *  But for the decree of divorce the wife would have been entitled to homestead, notwithstanding she had lived apart from her husband for years prior to his death.—*Coker v. Coker,* 160 Ala. 269, 49 South. 684, 135 Am. St. Rep. 99; *Nolen v. Doss,* 133 Ala. 259, 31 South. 969. The language of the statute providing for homestead and other exemptions for minor children covers the case of this child, and it is not within the province of the court to ingraft upon it any exceptions."

The decision above quoted we think is conclusive of the material question involved on this appeal; and we can see no doubt as to its correctness, when our present statutes of exemptions are examined and compared with former statutes under which the decisions relied upon by the appellants were rendered. The statutes then construed, being materially and radically changed in respect to the question here involved, are, of course, not now apt or controlling.

It is very true that this court formerly held that the homestead right which the widow and minor children acquired in the lands of the deceased husband or father was a mere right to occupy; that such right was neither vendible nor alienable, and was lost by removing from the premises; but the statutes under

which this holding obtained have all long since been changed. This court, speaking through that accurate writer, Justice SHARPE, in the case of *Tartt v. Negus*, 127 Ala. 207, 28 South. 715, said: "Since the passage of the act of February 28, 1889, now embodied in part in section 2101 of the Code, occupancy of the homestead is not necessary to the preservation of the homestead right. The forfeiture dealt with in *Banks v. Speers*, 97 Ala. 560 [11 South. 841], occurred before the passage of that act, and the decision was placed expressly upon that consideration. There, with reference to whether a sale made after that act was adopted would forfeit the homestead right, the court said that 'on principle it would seem that it should not.' In *Garland v. Bostick*, 118 Ala. 209 [23 South. 698], it was held that under the statute removal from and renting out of the exempted premises did not work a forfeiture. If the widow may without occupation lease to others, no good reason appears why her entire right may not be disposed of by a sale, and we think the act was intended to allow such disposition of the right as might best suit the interest of those for whose benefit the exemption was created."

In the case of *Coker v. Coker*, 160 Ala. 270, 49 South. 684, 135 Am. St. Rep. 99, the court, speaking through DENSON, J., said: "The sole question for determination is whether a widow, who had lived apart from the husband for two years or more prior to his death, but between whom and the husband there had been no dissolution of the marital relations, is entitled to a homestead exemption. We regard the question as being ruled in the affirmative by the decision in the case of *Nolen v. Doss*, 133 Ala. 259, 31 South. 969. It was there urged, upon the grounds made the basis of the contention in this case, that the widow was not entitled to share in the distribution of the husband's personal estate. The court, speaking through the present Chief Justice, said: 'The law as it is written is plain, and it is not within the province of the court to ingraft upon it any exceptions. As long as the marital relation in law continues, just so long the rights of the wife under this statute exist.' The principle is the same in respect to the rights of the widow to have realty of the husband exempt to her. The statute does not make separation terminate the widow's right, and it would be judicial legislation if the courts should do so."

The right of the widow and minor children, one or both, to homestead exemption in the lands of the deceased husband or

father, respectively, depends upon the existing status of the lands and of the parties at the time of the death of the husband or father. The right, title, or interest of the widow vests at the death of the husband, though it is thereafter formally allotted by proper proceedings in the proper court. The right of the widow or of the minors is not, by our present statute, made to depend upon the residence of the beneficiaries, but upon the residence of the husband or father. If the right to the vesting is not made to depend upon the residence of those who take, but upon the residence of the decendent at the time of his death, surely the vested interest is not lost by a change of residence during the continuance of the estate so vesting.

At one time the right of the widow and minor children to take the homestead of the husband or father on his death did depend upon their residence with the deceased at the time of his death; in order to take, or for the exemption to vest, those who took had to be a part of the family of the deceased. The the only right which the widow or minors took was the mere right to possess, use, or occupy. It was then, so far as the homestead was concerned, a mere quarantine right. At the present time they take a vested property right therein, by virtue of the statute; and this may be vendible and alienable. The estate they now take may be for years, for life, or in fee, depending upon the facts of each particular case.

This record indisputably shows that appellee would have been entitled to the exemptions herein claimed, had she not, after the right thereto had vested, and while proceedings were pending to have the homestead allotted, married a nonresident of this state and for a time resided with him in another state. We do not understand from appellants' brief that they dispute or contest this proposition; but they insist that when appellee thus became the wife of another man, a non-resident of this state, she abandoned, forfeited, and lost her right or claim to homestead exemptions in the lands of her former (deceased) husband. Counsel are in error, in this contention; neither the subsequent marriage of the widow nor the change of her residence, under our laws, is an abandonment of her claim to the exemption before it is allotted, or even after it is allotted. The law in respect to exemptions to the widow and minors in this particular is different from that in respect to exemptions of property to the husband or father, while living, from the debts and demands of his

[Johns, et al. v. Cannon.]

creditors or from sale under legal process.  In the latter case, the right of exemptions is by statute limited to residents of the state; consequently, when one ceases to be a resident of this state, the right to the exemptions ceases; while in the former case, the exemptions are to the widow and minor children of a deceased resident—not to the widow and minors who are residents.  The statutes do not now require that the widow and minors, one or all, shall be residents, even in order that the right shall vest; nor do they provide that it shall cease upon their becoming nonresidents.  The homestead is not exempted to them on condition that they reside therein, or so long as they shall remain on it or remain residents of the state; but is in terms by the statute exempted to them, from the administration, or. from the payment of the debts of the deceased, during the life of .the widow or the minority of the children; and in some instances the absolute fee-simple title is vested in them.  There are no provisions in our statutes to the effect that leaving the homestead or the state, or even becoming nonresident of the state, amounts to an abandonment of their right or interest in the homestead so allotted to them, or of their right to have it so allotted.  In fact, section 4228 of the Code expressly provides that they shall not be held to have abandoned the home so allotted by removing therefrom.  Another statute (section 4196) expressly provides that the rents and profits of the homestead of the deceased resident shall inure to the widow and minor children, without regard to their residence upon the homestead or within the state.  The residence of the deceased on the land and in the state, at the time of his death, is all that the statutes require, to the vesting of the homestead in the widow and minors during the life of the widow and the minority of the child or children, "whichever may last terminate."  In some cases, mentioned in the statute, the right and title thereto vests in them in fee simple.

Our present statutes, exempting property of deceased residents to the widow and minor children, are now a part of our statutory law of descent and distribution, as well as of our statutory system exempting certain property from the claims of creditors and from legal process.

If removing from the homestead after it is allotted is not an abandonment thereof (Code, § 3228), surely removing from the state pending proceedings to allot is not such.  The beneficiaries cannot occupy it as a homestead until it is allotted; and, if no

[Town of Clio v. Lee.]

allotment can be made, then most certainly they do not abandon the $2,000 allowed them in lieu thereof, by removing from the state pending proceedings to acquire such amount in lieu of the homestead. We have shown that the right is not dependent upon their being residents of the state, nor upon their residing on the homestead at the time of the death of decedent; and this record discloses no fact to show a waiver of the right by appellee to claim the $2,0C0. She has ever insisted upon her right to have it awarded to her, both when a resident and a nonresident of this state.

It is wholly unnecessary to pass upon the various questions argued in brief of counsel. Even conceding the facts to be as contended for by appellants, the decree of the chancellor was in all things correct, and, had every ruling against appellants, complained of, except the rendition of the decree appealed from, been in their favor, the decree would have been correct, and the only proper one to be rendered.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.