STEAGALL, Justice.
Mikel Roy Stroud filed a complaint seeking the sale of IIOV2 acres of land in Coosa County, Alabama, and a division of the proceeds among the joint owners, alleging that the land could not be equitably divided. After taking oral testimony, the trial court dismissed the suit, finding that the property was subject to a homestead exemption and that the court was without jurisdiction to order a sale for division. We affirm.
S.T. Stroud died intestate in Coosa County, Alabama, in 1945. At the time of his death, he owned llOVk acres of land, on which he lived with his family. S.T. Stroud was survived by his wife, Sinthia Stroud, and nine children. Four of those children are now deceased, leaving surviving children and heirs over the age of nineteen years. The appellant, Mikel Roy Stroud, is a grandson of S.T. Stroud.
According to the evidence in the record, the land was worth less than $2000 at S.T. Stroud’s death. There was testimony that the land was worth $700 to $800 in 1945. There was also testimony that 480 acres of comparable land that cornered S.T. Stroud’s land was sold for $2100 in 1946.
Several years after S.T. Stroud’s death, his wife, Sinthia Stroud remarried and moved to Chilton County. Since that time, Sinthia Stroud has never lived on the property in question. Oral testimony was given that at the present time Sinthia Stroud lives in Coosa County near the property in question, that she is approximately 89 years old, and that, although she lives alone, she is unable to care for herself. No one lives on the property at the present time and there has not been a house on the property for over ten years.
Sinthia Stroud filed with the trial court a written objection to the sale of the land.
The issues in this case are whether Sint-hia Stroud possessed any homestead rights *1210 in the land which is the subject of this suit, and, if so, whether she abandoned those rights.
The homestead rights of a widow and minor children are determined by the law in force at the time of the decedent's death. Waters v. Gadsden-Alabama City Land Co., 182 Ala. 284, 62 So. 75 (1913). In 1945, a widow and minor children were entitled to a homestead exemption from the deceased’s estate not exceeding $2000 in value and 160 acres in area. Ala. Code 1940, tit. 7, § 661. The value of the homestead was determined as of the date of death. Haynes v. Haynes, 236 Ala. 331, 181 So. 757 (1938).
In Craig v. Root, 247 Ala. 479, 25 So.2d 147 (1946), this Court stated:
“The property here involved was occupied as a homestead by decedent at the time of his death and was all of the real estate which he owned in this state at that time; it did not exceed in area or value the exemption allowed by law. Therefore, the appellee took a life estate without the necessity of any act on her part. The law intervenes and makes an allotment in such cases.”
247 Ala. at 481, 25 So.2d at 149.
In the instant case, the land involved was occupied as a homestead by the decedent at the time of his death and was all of the real estate owned by him at that time. Based upon the evidence in the record, the value of the land was less than $2000, and the amount of land did not exceed 160 acres. Accordingly, Sinthia Stroud acquired a homestead right in the subject property.
Appellant argues that Sinthia Stroud has abandoned any homestead rights she may have had in this property.
A provision of the Alabama Code of 1940 provided that when a homestead exemption had been allotted to the widow and minor children, they would not be found to have abandoned the homestead by removal therefrom. Ala. Code 1940, tit. 7, § 698. The case law interpreting this provision held that renting the homestead temporarily, moving to another state temporarily, and remarriage of the widow are not acts of abandonment of the homestead. See Barber v. Beckett, 251 Ala. 569, 39 So.2d 17 (1949); Johns v. Cannon, 199 Ala. 138, 74 So. 42 (1917); and Garland v. Bostick, 118 Ala. 209, 23 So. 698 (1897).
In Johns v. Cannon, supra, 199 Ala. at 144, 74 So. at 45, this Court held that removal by the widow from property before it was allotted as a homestead is not abandonment. The Court stated:
“The homestead is not exempted to them on condition that they reside therein, or so long as they shall remain on it or remain residents of the state; but is in terms by the statute exempted to them, from the administration, or from the payment of the debts of the deceased, during the life of the widow or the minority of the children; and in some instances the absolute fee-simple title is vested in them. There are no provisions in our statutes to the effect that leaving the homestead or the state, or even becoming nonresident of the state, amounts to an abandonment of their right or interest in the homestead so allotted to them, or of their right to have it so allotted.”
Appellant cites the following cases to support his contention that a homestead interest may be abandoned if it is the clear intent of the widow and the consent is voluntarily given: Barber v. Beckett, supra; Thomas v. Thomas, 245 Ala. 607, 18 So.2d 544 (1944); Griffin v. Ayers, 231 Ala. 493, 165 So. 593 (1936); and McLeod v. Adams, 218 Ala. 424, 118 So. 636 (1928).
In Barber v. Beckett, supra, this Court held that the widow had not abandoned her homestead because, at the time she moved away from the property, she considered her absence temporary. She intended to claim the property as her homestead, she expected to return to it and occupy it, and she did not place regaining possession of it beyond her control by renting it for a definite term.
The evidence in the record in the instant case establishes that Sinthia Stroud remarried several years after 1945 and moved away from the property. At the present time, she lives near the property. Also, Sinthia Stroud objected in writing to the sale of this property. Our former code, applicable to this case, provided that home *1211 stead property could not be sold or partitioned by order of any court without the written consent of the widow, if she were living. Ala. Code 1940, tit. 7, § 661.
There is no evidence in the record of Sinthia Stroud’s intent to abandon the homestead. The appellant argues that Sinthia Stroud’s deposition establishes her intent to abandon the property. However, this deposition was never put into evidence and made a part of the record. Apparently, the deposition was filed with the clerk of the circuit court, but it was never introduced into evidence during the two days of oral testimony taken before the trial court. An appellate court cannot consider evidence that was not before the trial court and not made a part of the record. Scroggins v. Alabama Gas Corp., 275 Ala. 650, 158 So.2d 90 (1963); United States Fidelity & Guaranty Co. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local No. 612, 40 Ala.App. 452, 115 So.2d 42 (1959).
Based upon the evidence in the record, we cannot say that the trial court erred in finding that Sinthia Stroud had not abandoned her homestead rights. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.