This is an appeal from a judgment entered by the Montgomery Circuit Court barring the appellant from collecting proceeds from a wrongful death recovery pursuant to the statutory intestate inheritance laws. We reverse and remand.
On July 2, 1983, Ginger Crosby Corley married Dale Wayne Corley. Five months later, on December 12, 1983, Ginger'sparents, Nancy L. Crosby and Robert R. Crosby, were divorced. On August 25, 1985, Ginger, then age 20, was killed in an automobile collision that occurred in Montgomery County. Following her death, Ginger's husband, Dale Corley, and her mother, Nancy Crosby, both appellees herein, were appointed co-administrators of her estate, and, in that capacity, filed a wrongful death action in Montgomery Circuit Court. A settlement was thereafter reached in that action and was approved by the court on June 13, 1986.
On July 31, 1986, appellees filed a petition in the Montgomery Circuit Court seeking an order barring the appellant, Robert R. Crosby, the natural father of the decedent, from participating in the distribution of the settlement proceeds. As grounds for the petition, appellees alleged, among other things, abandonment and child abuse during Ginger's lifetime. An order was thereafter entered removing the settlement of the estate from probate court to circuit court. On September 5, 1986, appellant answered and filed a counterclaim to the petition filed by the appellees. He also moved to strike and/or dismiss the petition, denying appellees' allegations of abandonment and child abuse, and claiming that, pursuant to Code of 1975, §§ 6-5-410 and 43-8-41 and -42, he is entitled to receive a portion of the damages recovered for the wrongful death of his daughter. Appellant further sought to discover the terms of the wrongful death settlement.
Thereafter, on October 31, 1986, appellant moved for summary judgment. Appellees opposed the motion with the affidavits of Nancy Crosby and the siblings of the decedent (Deborah Crosby Johnson, James Crosby, and Robert L. Crosby), each alleging a history of drunken physical and mental abuse by the appellant, as well as sexual abuse of Ginger. Appellant thereafter filed his own affidavit denying the allegations contained in the affidavits filed by the appellees.
Following the submission of briefs by both sides, the trial court ex mero motu entered an order finding that appellant had forfeited his rights as a parent because of his repeated acts of physical, mental, and sexual abuse against the deceased. Consequently, the trial court ruled, he was barred from taking as a "parent" under Alabama's statute of intestate succession.
The issue presented on appeal is whether the appellant is entitled to share in the proceeds of the settlement of the action based on the wrongful death of his daughter despite evidence of his gross misconduct during the daughter's life.
In the case of the wrongful death of an adult, "[t]he damages recovered . . . must be distributed according to the statute of distributions." (Emphasis added.) Code of 1975, § 6-5-410(c). The relevant statute of distribution in this case provides that, if there is no surviving issue, the part of the intestate estate not passing to the surviving spouse passes to the parent or parents equally. Code of 1975, §43-8-42(2).
The fundamental rule in interpreting statutes is to ascertain and give affect to the intention of the legislature. The most persuasive evidence of legislative intent is the wording of a statute, and, where the statutory pronouncement is distinct and unequivocal, there remains no room for judicial statutory construction. Advertiser Co. *Page 1143 v. Hobbie, 474 So.2d 93 (Ala. 1985); Mobile CountyRepublican Executive Committee v. Mandeville,363 So.2d 754 (Ala. 1978). The meaning of the language in §43-8-42(2) directing that the parents of the deceased share equally in all amounts not passing to the spouse under §43-8-41 is plain and must be given effect by the judiciary.
This Court, along with the great majority of courts in America, has consistently upheld the directives of the legislature with respect to distribution laws. In Nolan v.Doss, 133 Ala. 259, 31 So. 969 (1902), the issue before the Court was whether the surviving spouse, having previously separated from her husband and holding herself out as the wife of another man, was entitled to a distributive share. The Court held that, because the statute made no exceptions onaccount of the wife's conduct, it was not within the "province of the courts to engraft upon it any exceptions."133 Ala. at 261, 31 So. at 970. See also Coker v. Coker,160 Ala. 269, 49 So. 684 (1909).
Recently, in Pogue v. Pogue, 434 So.2d 262
(Ala.Civ.App. 1983), a mother sought the imposition of a constructive trust on the portion of the father's share from amounts received in a recovery based on the wrongful death of her 22-year-old son. The mother and father had divorced when the child was a minor, and the father had subsequently failed to support his son. The mother contended that to allow the father to retain a portion of the proceeds by way of distribution was inequitable and amounted to unjust enrichment. The Court, however, refused to speculate on the worthiness or unworthiness of the father and stated, "absent a statute, courts may not circumvent the statutory distribution scheme on the grounds the recipient is 'unworthy.' " 434 So.2d at 264.
Only in the situation when the one seeking to share has caused the death of the intestate have the courts disregarded the clear meaning of a distribution statute and fashioned a different result. In Weaver v. Hollis, 247 Ala. 57,22 So.2d 525 (1945), this Court reasoned that the legislature, in enacting statutes of descent and distribution, had no intention of abrogating the longstanding common law maxim and rule of public policy that no person should be permitted to take advantage of his own wrong. Accordingly, the Court held that the distribution statute precludes one who feloniously kills another from inheriting from him. The Court cautioned that it was not grafting an exception onto the statute by its ruling, but rather interpreting the statute in light of a fundamental principle that the legislature never intended to abrogate.247 Ala. at 61, 22 So.2d at 528.
In this case, the father's alleged wrongful conduct did not cause the death of his daughter, and therefore, by receiving his statutorily mandated share of the wrongful death proceeds, he is not profiting from his own wrongful act. Appellees strongly contend, however, that the legislature intended that a parent who continuously abused his child physically, sexually, and mentally should not benefit financially from the child's death. We can find no basis for this conclusion, especially where there has been no termination of parental rights prior to the death of the child.
The legislature, by mandating that wrongful death proceeds be distributed according to the statute of intestate distribution, necessarily perceived that some beneficiaries would be totally unworthy of inheriting. The statutory law of intestate succession is not controlled by, nor conditioned upon, equitable considerations of worthiness, fitness, and misconduct, etc. On the contrary, it is controlled by a set of rules that attempt to dispose of the deceased's property in a way the deceased would have had a will been executed, by recognizing the natural law of consanguinity, or of blood, and the natural affections of a person toward those nearest him in that relationship. 26A C.J.S. Descent Distribution
§ 2 at 518 (1956); see also Code of 1975, §§ 43-8-41, -42 (and comments). The distributions listed in the statute mandate who shall inherit, without exceptions. The probate process necessitates such mandates in order to simplify the process and avoid floods of litigation over who the deceased would have intended to inherit. *Page 1144 
In addition to holding that the legislature never intended the father to inherit in this case, the trial court also terminated the parental rights of the father because of his reprehensible conduct. The court's reliance, however, on the Child Protection Act, Code of 1975, § 26-18-1 et seq., to terminate the appellant's parental rights was erroneous. That act is simply not applicable in postmortem situations. Nor does it pertain to adult children.
We recognize the trial court's novel effort to avoid what may be perceived as harsh inequities caused by the blind application of the distribution statute in this case. But, as noted above, the legislature must have necessarily recognized that such inequities would occur under the statute. Thus, the trial court was, and this Court is, without the power to conform the statute to its conception of justice under the facts of this case. Whether considerations such as those posed in the instant case should affect the right to share in wrongful death damages under the laws of descent and distribution is a matter for the legislature. Accordingly, we reverse and remand with instructions to enter a judgment allowing the appellant to share in the proceeds of the settlement in accordance with the statute of intestate succession.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.