# Ramser, Executor, *v.* Blair.

*Action by Legatee against Executor to recover Specific Legacy.*

1. *Executor; specific legacy; when imposes an executorial duty and not one of trustee.*—Where, in his will, a testator bequeaths to his certain named daughter, as a specific legacy, the interest on a certain number of Alabama bonds, and he directs that such interest shall be paid to her by his executor as it accrues, the duty imposed by such bequest upon 'he executor is one attaching to the office of executor and not as trustee; and as a specific legacy, it was the duty of the executor to collect and pay over the interest on said bonds, undiminished by any charges for commissions, as long as there remained other property of the testator's estate against which such commissions would be a legal and proper charge.

2. *Same; same; right of legatee to maintain action for money had and received against executor.*—In such a case, where the executor fails to pay over to said legatee the interest upon said bonds as they accrue, the legatee can maintain an action for money had and received against the executor, since the interest collected by the executor constitutes money in his hands, which, *ex equo et bono* belonged to the legatee.

3. *Same; same; partial settlement does not render the executor named in will a trustee entitled to commission.*—In such a case, where the executor has made a settlement of his administration in which a large part of the estate was distributed by the decree of the probate court under the residuary clause of the will, but all of the property described in the will and subject to disposition under the residuary clause was not and could not be distributed at the time of such settlement, the making of the settlement referred to does not terminate the office of executor and change the character of the person named as executor to that of trustee, so as to entitle him to commissions for collecting and paying over the interest on such bonds, as provided in the specified legacy to the legatee named therein.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. EVANS.

This was an action for money had and received, brought by the appellee against the appellant, Thomas J. Ramser, as executor of the last will and testament of Jacob Ramser, deceased.

The cause was tried on issue joined on the plea of the general issue. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court gave the general affirmative charge in favor of the plaintiff, and refused to give a similar charge requested by the defendant. The defendant separately excepted to the giving of the general affirmative charge requested by the plaintiff, and the refusal to give the general affirmative charge requested by him.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving of the general affirmative charge requested by the plaintiff.

S. H. DENT, JR., for appellant.—The words "upon trust" or "trustee" are not necessary to the creation of an express trust provided the intention to confer the legal title upon one for the benefit of another is apparent, nor is it necessary that the title should be directly given to the trustee, and it may even be expressly conferred upon the beneficiary.—*Creswell v. Jones*, 68 Ala. 420; 2 Pomeroy's Eq. Jur. (2d ed.), § § 1010, 1013 and note; *Tobias v. Ketchum*, 32 N. Y. 319.

A person may occupy a dual relation to a will, that of executor proper and that of trustee; and the latter relation is occupied when by the terms of the will, the testator devises a scheme for the management of h'is property after death and its ultimate distribution among the objects of his county, and invests the person named as executor with any discretionary powers in the management of the same.—*Creamer v. Holbrook*, 99 Ala. 52, and cases cited.

The executors in this case occupied the relation of trustee as to the bonds bequeathed by the testator to his four daughters for life remainder to their children or his

residuary legatees, since they are at least empowered to exercise a discretion when the bonds mature as to what property he should invest their proceeds.—*Creamer v. Holbrook, supra;* 2 Pomeroy's Eq. Jur., 1010, 1011, 1013.

Until the trust is closed and a final account stated no action *at law* can be maintained by the beneficiary against the trustee except in the common case of a bailment or deposit.—*Vincent v. Rogers,* 30 Ala. 471. Where the same person is named as executor and trustee under a will he is entitled to double commission; that is, to commissions as executor and also as trustee.—*In re Crawford et als., Ex's.,* 113 N. Y. 560, s. c. 5 L. R. A. 71 and note; *Baker v. Johnston,* 12 Stewart (N. J. Eq.) 493; *Danly v. Cummins, Ex.,* 4 Stewart (N. J. Eq.) 208. Where the income of the property is placed in the hands of executors to be paid periodically to the life tenant, the principal to be divided among remaindermen, the executors are entitled to retain the commissions from the income.—*Danly v. Cummins, Ex.,* 4 Stewart (N. J. Eq.) 208; *Johnson v. Holifield,* 82 Ala. 123; *Hancox v. Fisher,* 1 Bradf. 336.

If the persons named as executors were not also created trustees as to the bonds by virtue of the will *alone* they elected to hold as trustees by making a final settlement in the probate court of their executorship.—*Perkins v. Moore,* 16 Ala. 9; *Re Higgins Estate,* 28 L. R. A. 116. Appellee being a party to such settlement or having notice of it can not assail the decree. *Hatcher v. Dillard's Adm'r,* 70 Ala. 343; *Waring v. Lewis,* 53 Ala. 615. A legatee can not maintain an action at law to recover a legacy without proof that the executor has assented to the same.—Code, § 344; *Bonner v. Young,* 68 Ala. 35. The assent may be implied but all the acts of the executor in evidence indicate a determination to hold the property in trust which does not imply but rebuts the idea of assent. An action for money had and received can not be maintained against a personal representative *as such.—Lowery v. Daniel,* 98 Ala. 451.

G. L. COMER, *contra.*—The amount due by the executor to Mrs. Blair was clearly fixed by the terms of the will

[Ramser, Executor, v. Blair.]

and was made certain and definite. It was the interest, the entire interest, on said bonds, and no deduction could be made therefrom for any purpose, so long as the residuary estate was sufficient to defray all of the expenses and costs of administration, and when the executors refused and failed to pay over all of said interest, Mrs. Blair had the right to maintain this suit and recover the amount unlawfully withheld from her.—*Hitchcock v. Lukens,* 8 Port. 333; *Vincent v. Rogers,* 30 Ala. 471; *Wade v. Pope,* 44 Ala. 690; *Perkins v. Moore,* 16 Ala. 14; Code of 1896, § 344; *Stein v. Gordon,* 92 Ala. 532; 3 Williams on Executors, p. 2049; *Pettigrew v. Pettigrew,* 1 Stew. 580; *Gause v. Hughes,* 9 Port. 552.

The evidence in this case clearly shows that the executor assented to the legacy due appellee under the will of her father, and that this suit to recover the same was instituted more than eighteen months after the grant of letters testamentary. These facts being true, the appellee clearly had the right to sue and recover in this case. Code of 1886, § 2275; Code of 1896, § 344, and authorities cited.

DOWDELL, J.—The appellee, plaintiff in the court below, sued appellant as executor of the last will and testament of Jacob Ramser, deceased, in assumpsit on the common counts for money had and received for the use of plaintiff.

Item third in the will of defendant's testator is as follows: "It is my will and desire and I hereby give and bequeath to my daughter Mrs. Laura V. Blair, wife of Ed. P. Blair, during her natural life the interest on twelve thousand dollars ($12,000) of bonds of the State of Alabama, Class A; the interest thereon to be paid to her by my executors hereinafter named, as it accrues. At the death of said Mrs. Laura V. Blair, the said bonds or the proceeds thereof are to be divided equally between her children, share and share alike. It is, also, my will and desire that said bonds shall be held and reinvested on the same terms and conditions as stated in paragraph two of this will, in reference to the bonds given and bequeathed to my daughter Mrs. Pauline McNeil."

The terms and conditions referred to in paragraph two, are as follows: "Should said bonds mature during the lifetime of said Mrs. Pauline McNeil, then the proceeds of said bonds are to be reinvested, and such proceeds so reinvested are to be held in the·same manner, and go the same way as the bonds. Should said Mrs. Pauline McNeil die before the maturity of said bonds, then said bonds are not to be sold but held until maturity, and the interest thereon after her death to be paid to her children equally share and share alike."

The will contained other similar bequests, and, also, provided for the disposition of a large amount of property under a residuary clause. The defendant was named as one of the executors, the other being M. L. Ramser, since deceased. Both of the persons named as executors qualified and as such entered upon the discharge of the duties of their office. As such executors they collected the interest on said bonds regularly, which accrued semi-annually, in January and July, and paid over the same to Mrs. Blair, without any charges for commissions, up to July, 1895, since which time, the defendant has continued to collect said interest, and now claims that he is acting, not as executor, but as a trustee as to said bonds, and as such is entitled to commissions. In July, 1895, the executors made a settlement in the probate court of their administration on said estate, on which settlement a large amount was distributed by them under the decree of the probate court, under the residuary clause of the will, though all of the property contained in the will and subject to disposition under the residuary clause of was not and could not have been distributed at that time on account of the then existing conditions of a part of the estate bequeathed under the will.

The questions presented for determination are, 1st, whether an executor, as such, can be sued by a legatee in an action at law, for money had and received, and 2d, whether under the facts in this case the defendant had ceased to act as executor and was acting as trustee, and as such was entitled to commissions for collecting and paying out the interest as directed in the will.

It is clear, that the bequest of Mrs. Blair was a specific legacy. The amount was certain, or could be made cer-

tain by reference. The manner and provision for its payment makes it somewhat in the nature of an annuity. The duty of collecting and paying by the express terms of the will, was a duty imposed upon the executors named in the will as executors and not as *trustees*. There was no conveyance of the legal title to the executors in trust, creating them trustees as distinguished from executors. The trust created attached as a duty to the office of executor. As a specific legacy it was the duty of the executor to collect and pay over the same, undiminished by any charges for commissions, as long as there remained other property of the estate against which such would be a legal and proper charge. As long as a residuum of personal property, or of real estate which under the residuary clause must be sold and converted into money, exists, no part of the expenses of an administration can be imposed upon a specific legacy.

That the legacy to Mrs. Blair was assented to by the executors there can be no question. They assented when the first payment of interest was made by them as executors to her.

We think there can be no doubt of plaintiff's right of action at law, and that it was properly brought for money had and received. The interest collected by the executor, was money in his hands, which *ex equo et bono* belonged to the plaintiff.—*Hitchcock v. Lukens*, 8 Port. 333; *Gause v. Hughes*, 9 Port. 552; *Perkins v. Moore*, 16 Ala. 14; *Vincent v. Rogers*, 30 Ala. 471; 3 Williams on Executors, p. 2049; Code, 1896, § 344.

The case of *Lowery v. Daniel, Admr.*, 98 Ala. 451, is distinguishable from the case at bar, and the cases above cited. That was a case of an administrator being sued for money had and received as such. The principle involved is quite different from that of an executor, who holds in his hands a certain fund specifically bequeathed by his testator.

It is insisted by the appellant, that after the executors made their settlement in the probate court, they ceased to hold the bonds as executors, and from that time held the same as trustees. We cannot assent to that proposition. There is nothing in the will from which it can be

inferred that the testator had any intention of creating any other office than that of executor. The duties imposed by the will, are such as are not unfrequently conferred on executors. The defendant has never resigned the office of executor, nor in any unequivocal manner expressed his intention of resigning his executorial office, and assuming the capacity of a trustee. Besides, the duties of the office of executor under the will, have not yet been completed. There still remains a part of the estate to be sold and distributed among the residuary legatees, after the death of the widow, to whom a life estate was given by the will. The mere fact of settlement in the probate court, without more, was not sufficient to terminate the office of executor, and change his character to that of trustee in holding the bonds and collecting and paying out the interest thereon. His acts in this respect were those of an executor, and the plaintiff was entitled to the interest on the bonds undiminished by any charges in the way of commissions.

There being no conflict in the evidence, on the law of the case the court properly gave the affirmative charge asked by plaintiff.

The judgment of the circuit court is affirmed.