Appellant Billie Warren appeals from an order of the Circuit Court of Shelby County, Alabama, granting appellee Wayne Rasco's motion for judgment on the pleadings. The facts of this case are as follows:
On January 24, 1978, Elmer H. Davis and four of his nephews formed a limited partnership. One nephew was a general partner, and the others, along with Elmer Davis, were limited partners. The pertinent section of the limited partnership agreement, concerning transferability of partners' interests, follows:
 10. (a) Any limited partner shall have the right to assign his or her interest in the partnership upon 30 days' written notice delivered to the general partner at the principal office of the partnership. Any such assignment shall be effective only to give the assignee the right to receive the share of profits to which his or her assignor would otherwise be entitled and shall not give the assignee the right to become a substituted limited partner.
 (b) With the unanimous written consent of all the general and limited partners, any limited partner may substitute an assignee as a new limited partner in *Page 401 
his or her place, either in whole or in part.
 (c) Nothing contained in this paragraph, however, shall prevent the interest of any limited partner from being:
 (1) Transferred or disposed of by will or intestacy to or for the benefit of the deceased partner's immediate family, or transferred during his or her lifetime, by gift or inter vivos trust, to or for the benefit of the partner's immediate family; but, in respect to transfers by way of testamentary or inter vivos trust, the trustee or trustees is or are to be a member or members of the partner's immediate family;
 (2) Sold, transferred, assigned, pledged, encumbered, or otherwise hypothecated to any other partner herein.
 For the purpose of this paragraph, "immediate family" is defined as the husband, wife, adult child, father or mother, or adult sister or adult brother of a partner.
Elmer Davis executed a will on October 13, 1982, which disposed only of his limited partnership interest, to his four nephews. The will had no residuary clause. On May 8, 1983, Elmer Davis died, and the will was admitted to probate on May 31, 1983. Davis's next-of-kin were Billie Warren, a great-niece, and Eunice Rasco. Rasco was Davis' sister and the mother of the four nephews who were his co-partners in the limited partnership. On August 22, 1983, Warren filed a declaratory judgment action with the Circuit Court of Shelby County, seeking a declaration that the partnership interest of Elmer Davis should not be allowed to pass to the nephews, due to a limitation in the language of the partnership agreement. Appellee Rasco filed an answer to Warren's complaint, along with a motion for judgment on the pleadings, on August 29, 1983. On December 6, 1983, the motion was granted by the court below. After a motion to reconsider was denied, plaintiff Warren appealed.
The dispositive issue on appeal is whether Rasco's judgment on the pleadings is correct. We are of the opinion that it is not, and reverse that judgment.
 A motion for judgment on the pleadings is designed to provoke a search of the pleadings for the purpose of determining whether there is an issue of fact presented by the pleadings which requires the introduction of proof. As sometimes stated, a motion for judgment on the pleadings presents two questions: whether there is any issue of material fact and, if no issue of material fact is presented by the pleadings, which party is entitled to judgment.
71 C.J.S. Pleading § 425 (a) (1951) (Citations omitted).
There is an issue of material fact in this case to preclude the grant of appellee's motion: the contracting parties' intent at the time the limited partnership agreement was executed. Simply by considering the pleadings, and the section of the agreement dealing with transferability of partnership interests, the court below could not properly discern what the intent of the parties was when they formed the partnership.
Paragraph 10 (c)(1) is the focus of our review. Appellant argues that this paragraph states that when a partner wants to transfer his interest by a will, he must do so to a member of his immediate family. Appellee contends that the language means that if a partner wishes to transfer his interest to a member of his immediate family, then he must do so by will, but that he can also transfer his interest by will to someone who was not a member of his immediate family. The court below found this language to be unambiguous. We disagree. According to Black's Law Dictionary, language in a contract is "ambiguous" if it is "reasonably capable of being understood in more than one sense," citing City of Sioux Falls v. Henry CarlsonCompany, Inc., 258 N.W.2d 676, 679 (S.D. 1977). This is the very situation the court below was confronted with — a statement that could be read in either of two ways to produce two entirely different results. Clarification of the ambiguous language is needed, which *Page 402 
would necessarily come from evidence as to the intent of the parties at the time the agreement was executed. This evidence not being before the court below, we cannot allow its decision on the issue to stand.
 The operation of a motion for judgment on the pleadings is confined within rather narrow limits and should not be unduly extended, and the court will exercise great caution in rendering such a judgment. It is frequently said that the granting of a motion for judgment on the pleadings is not looked on with favor by the courts.
71 C.J.S. Pleading § 424 (1951) (citations omitted).
A motion for judgment on the pleadings should only be granted when there is not even a scintilla of evidence supporting a claim of ambiguity. As we have previously stated, there are two possible interpretations of the language; therefore, the trial court should have denied the motion and proceeded with the trial of the case.
Rasco also argues that Warren does not have standing to sue in this case. The resolution of this issue is dependent upon the trial court's decision as to what the parties intended when they drew up the agreement. If the language is construed as Warren contends it should be, then a direct benefit is conferred upon her, thus giving her standing.
For the above-stated reasons, we reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.