TORBERT, Chief Justice.
This is an appeal by the plaintiff from the circuit court’s dismissal of his declaratory judgment action. The plaintiff is a tenured teacher and works as a football coach at Bibb County High School, and the defendants are the members of the Bibb County Board of Education and the superintendent of education of Bibb County. The plaintiff’s complaint sought a judgment declaring that he could resign his position as a football coach while retaining his tenured teaching position at the school.
On May 1, 1984, the plaintiff submitted to the superintendent of education of Bibb County a letter resigning from his duties as a football coach. On May 5, 1984, the board of education informed the plaintiff that his proposed resignation as a coach would also be considered as a resignation from his tenured teaching position. Because the plaintiff did not wish to resign *576 from his tenured teaching position and lose his tenure status, he withdrew his letter of resignation and continued in his employment.
On December 20, 1984, the plaintiff, still wishing to resign from his coaching duties but retain his teaching position, filed this declaratory judgment action. The defendants responded by filing a motion to dismiss the complaint. After a hearing on the motion, the trial court granted the defendants’ motion to dismiss. The plaintiff appeals from the judgment of dismissal. We reverse and remand.
We first must consider whether the teacher tenure laws provide the plaintiff an administrative remedy. There has been no cancellation of the teacher’s contract nor a transfer of the teacher. Without one of these two events, the teacher tenure statutes do not provide a procedural remedy for a tenured teacher. See Code 1975, § 16-24-1, et seq. Therefore, there were no administrative remedies available to the plaintiff that must have been, or could have been, exhausted before initiating this declaratory judgment action in circuit court. See, Berry v. Pike County Board of Education, 448 So.2d 315, 317 (Ala.1984).
The test to determine whether a complaint for declaratory judgment is sufficient to withstand a motion to dismiss is whether a justiciable controversy exists which should be settled. White v. Thomas, 370 So.2d 983, 984 (Ala.1979). A justiciable controversy exists when one’s alleged legal right has been “thwarted or affected.” See, Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661 (1963).
A justiciable controversy exists in the present case because the plaintiff is alleging that he has a legal right under his employment contract to resign his duties as a football coach while retaining his position as a teacher and that this alleged legal right has been “thwarted or affected” by the school board. The fact that no breach of contract has yet occurred does not affect the plaintiff’s right to pursue this action, because of the express wording of Code 1975, § 6-6-224. We believe that the plaintiff should be allowed to have this justicia-ble controversy settled in a declaratory judgment action, instead of being forced to risk his tenure status by resigning and then initiating proceedings to regain this status.
Motions to dismiss are rarely appropriate in declaratory judgment proceedings. Wallace v. Burleson, 361 So.2d 554, 555 (Ala.1978); Moore v. City of Fairhope, 275 Ala. 506, 507, 156 So.2d 366, 367 (1963). A declaration of the rights of a party under an employment contract is a proper subject for a declaratory judgment. See, Alabama Football, Inc. v. Stabler, 294 Ala. 551, 319 So.2d 678 (1975); Ex parte Jim Dandy Co., 286 Ala. 295, 239 So.2d 545 (1970). In light of the above, we hold that the plaintiff stated a basis for a declaratory action, and the circuit court should proceed in this case to declare the parties’ rights under the contract.
We emphasize that nothing we have said in this opinion is to be construed as commenting upon the merits of the plaintiff’s claim for declaratory judgment. We reverse and remand for the trial court to hold a hearing on the merits of the claim;
REVERSED AND REMANDED.
JONES, SHORES, BEATTY and ADAMS, JJ., concur.