The defendant appeals from a declaratory judgment entered in favor of the plaintiff, Linda Steele.
The sole issue is whether an antenuptial property agreement barred the wife from receiving a share of damages from a wrongful death action brought on behalf of the deceased husband.
The facts are as follows: In 1989, Linda married Samuel Dewey Steele for the third time. In regard to that marriage, they signed an antenuptial property agreement. Samuel died in 1991, survived by Linda, three sons by a former wife, and an adopted daughter. Samuel's will named his son, Timothy Steele as the executor of the estate. Linda signed a waiver of notice in regard to the probate of the will and did not contest the will. Subsequently, Timothy filed a wrongful death action on behalf of the estate arising out of medical treatment rendered to Samuel immediately prior to his death.
Linda then filed a complaint seeking a judgment declaring that she would be entitled to receive one-half of the proceeds, if any, recovered in the wrongful death action filed by Samuel's estate. The circuit court determined that Linda would be entitled to one-half of any damages awarded, based on §6-5-410 and § 43-8-41, Ala. Code 1975.
We note that although the wrongful death action is pending, a bona fide justiciable controversy exists as to whether Linda, as surviving spouse, has a legal right to any damages awarded pursuant to the Wrongful Death Act even though she signed an antenuptial agreement limiting her claims against the husband or his estate. See, Moss v. Williams, 489 So.2d 575 (Ala. 1986);Warren v. Rasco, 457 So.2d 399 (Ala. 1984).
In a wrongful death action, "[t]he damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions." § 6-5-410(c). The relevant statute of descent and distribution provides that "[i]f there are surviving issue one or more of whom are not issue of the surviving spouse," then one-half of the intestate estate passes to the surviving spouse. § 43-8-41(4).
The Wrongful Death Act, § 6-5-410, creates the right in the personal representative of the decedent to act as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages. Carter v. City ofBirmingham, 444 So.2d 373 (Ala. 1983), cert. denied,467 U.S. 1211, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984). It is apparent from the plain language of the Wrongful Death Act that damages awarded pursuant to that statute are distributed according to the statute of distribution and are not part of the decedent's estate. The damages from a wrongful death award pass as though the decedent had died without a will.
 "The legislature, by mandating that wrongful death proceeds be distributed according to the statute of intestate distribution, necessarily perceived that some beneficiaries would be totally unworthy of inheriting. The statutory law of intestate succession is not controlled by, nor conditioned upon, equitable considerations of worthiness, fitness, and misconduct, etc. On the contrary, it is controlled by a set of rules that attempt to dispose of the deceased's property in a way the deceased would have had a will been executed, by recognizing the natural law of consanguinity, or of blood, and the natural affections of a person toward those nearest him in that relationship."
Crosby v. Corley, 528 So.2d 1141, 1143 (Ala. 1988) (father was entitled to proceeds from wrongful death of his daughter despite evidence *Page 1142 
that he had sexually abused daughter during her life).
In this case, the antenuptial agreement has no effect on any proceeds from the pending wrongful death action. The Wrongful Death Act and the applicable statute of distribution mandate that the surviving spouse receive one-half the proceeds of the action if any are awarded. When the wording of a statute is distinct and unequivocal, there is no room for judicial statutory construction. Crosby, supra.
We note that Linda and Samuel, in signing the antenuptial property agreement, each agreed to dispose of his or her own property. It is clear from the agreement that neither party contemplated a wrongful death action when they signed the agreement, as wrongful death proceeds are neither part of the decedent's estate nor a property right. Hatas v. Partin,278 Ala. 65, 175 So.2d 759 (1965).
Based on the foregoing, we affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.