PER CURIAM.
On July 30, 1996, Peggy Waters, acting as the personal representative of the estate of her mother, Lela Mae Walker; and Pritch-ard, McCall & Jones, L.L.C., the law firm that had represented Peggy Waters, filed an interpleader complaint in the Circuit Court of Jefferson County. The complaint alleged that a dispute had arisen concerning the proper distribution of certain proceeds obtained by Peggy Waters in a settlement of a wrongful death action based on the death of Lela Mae Walker.
Ms. Walker died intestate on August 14, 1993. She was survived by three daughters, Peggy Waters, Louise Fortune, and Rosa Whittington, and one son, J.P. Walker. J.P. Walker died after Ms. Walker had died and after her wrongful death action had commenced. Ms. Walker also had two other sons, Edgar Morris Walker and Lindsay Albert Walker, who had predeceased her. All three of Ms. Walker’s sons died intestate and left heirs at law, all of whom are included as defendants in the interpleader complaint.
On August 11, 1993, Ms. Walker sued Montclair East Nursing Center, Inc., seeking damages for injuries she suffered as result of neglect. After Ms. Walker died, the admin-istratrix of her estate, Peggy Waters, was substituted as plaintiff, and the complaint was amended to state a wrongful death claim. The wrongful death claim was settled on June 21,1996, for $300,000.
After payment of attorney fees and litigation expenses, $176,125.44 remained for distribution. The interpleader plaintiffs distributed one-sixth of this amount, $29,354.24, to each of the three living daughters of Ms. Walker. The remaining amount, $88,062.72, was paid into the Jefferson County Circuit Court at the time the interpleader complaint was filed. The heirs at law of the three deceased sons of Ms. Walker claimed ownership of this remainder.
On June 19, 1997, the trial court entered a final judgment. In pertinent part, the judgment states:
“In determining those persons who are entitled to share the funds which are the subject of this interpleader action, the Court finds that the holding of the Alabama Supreme Court in the case of Lowe v. Fulford, 442 So.2d 29 (Ala.1983), is persuasive and controlling. Accordingly, the court finds that the rights of Edgar Morris Walker and Lindsay Albert Walker to the wrongful death proceeds in question were personal and ceased to exist upon their deaths. Therefore, their heirs and descendants are not entitled to share in the proceeds. However, since J.P. Walker was living when the wrongful death action was commenced, his heirs are entitled to recover his share of the proceeds of the wrongful death action.”
The trial court then ordered that the heirs of J.P. Walker be paid $29,354.24, plus one-quarter of the remaining $58,708.48, from the sum paid into court, and further directed that the residue of the proceeds paid into court be distributed equally among the three living daughters.
The heirs of Edgar Morris Walker and Lindsay Albert Walker appealed to the Supreme Court of Alabama, and that Court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
The issue before this court is whether the descendants of Edgar Morris Walker and Lindsay Albert Walker are barred from receiving any portion of the proceeds obtained as a result of the settlement of the wrongful death action. Because the trial court’s ruling is based on stipulated facts and addresses a question of law, on appeal that ruling carries no presumption of correctness. Helms v. Helms’ Kennels, Inc., 646 So.2d 1343 (Ala. 1994); First Mercury Syndicate, Inc. v. Franklin County, 623 So.2d 1075 (Ala.1993).
*704 We first consider the case that the trial court found dispositive, Lowe v. Fulford, 442 So.2d 29 (Ala.1983). In its considerations relevant to the instant appeal, the Court in Lowe reviewed a situation where a mother, Fulford, and her daughter, Lowe, died as the result of an automobile accident. Fulford died on the day of the accident, and Lowe died three days later. The pertinent issue before the court was whether Lowe’s husband, as an heir and representative of Lowe’s estate, was entitled to any of the proceeds from the wrongful death action based on Fulford’s death, which was filed four months after Lowe's death.
In pertinent part, the Court stated:
“The plaintiff contends that he is entitled to the one-fourth of the proceeds designated to the Fulford Estate through Lou Anne Fulford Lowe. We agree with plaintiffs argument that at .the time of Mrs. Fulford’s death the heirs at law entitled to share in her inheritable estate included Lou Anne Lowe. Heirs are determined at the time of death. White v. Fowler, 245 Ala. 209, 16 So.2d 399 (1944). We cannot agree, however, that the Lowe Estate was entitled to receive any of the monies recovered in the wrongful death action brought on behalf of Mrs. Fulford. Because Mrs. Lowe died some four months before the wrongful death action was filed and almost two years before the initial judgments were entered in June of 1975, she had no property right in the wrongful death cause of action. Mrs. Lowe’s right was personal and ceased to exist upon her death.
“We recognize that there are two lines of authority concerning whether the death of a beneficiary prior to the commencement of a wrongful death action forecloses recovery in favor of the beneficiary’s estate. However, due to the punitive nature of the Alabama Wrongful Death Statute, we conclude that where a beneficiary dies prior to the commencement of an action, that beneficiary’s estate is not entitled to any of the damages recovered.’’
442 So.2d at 31-32 (emphasis added).
After discussing at some length the rationale of Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912 (1911) (dealing with a widow who died after she had filed a claim to proceeds recovered by the administrator of her husband’s estate in a wrongful death action), the Court in Lowe concluded:
“Applying Holt to the present facts, there was not even so much as a pending action at the time of Mrs. Lowe’s death; and judgment thereon was not recovered until May 1981. Mrs. Lowe, having died before the wrongful death action was reduced to judgment, had no property right in the potential wrongful death action on behalf of her mother. We affirm the trial court’s holding that the plaintiff, Roy Ronald Lowe, individually, and as administrator of the estate of Lou Anne Lowe, deceased, is not entitled to share in the proceeds at issue designated to the Ful-ford Estate.”
442 So .2d at 33.
The appellants argue strongly that there is a distinction between Lowe and this case because the claimant in Lowe was a husband and the heirs in this ease are children. Under the circumstances of the case before us, we must agree with the appellants. The wrongful death statute, Ala.Code 1975, § 6-5-410(c), provides that the damages obtained by a wrongful death action must be distributed according to the statute of distributions.
“It is apparent from the plain language of the Wrongful Death Act that damages awarded pursuant to that statute are distributed according to the statute of distribution and are not part of the decedent’s estate. The damages from a wrongful death award pass as. though the decedent had died without a will.”
Steele v. Steele, 623 So.2d 1140, 1141 (Ala. 1993).
The applieáble statutes in this case are Ala.Code 1975, §§ 43-8-42 and 43-8-45, providing, in pertinent part, that issue of the decedent in unequal degree take by representation. With the exception of a decedent’s surviving spouse, heirs are the surviving lineal descendants, “the issue,” of the decedent. Commentary, § 43-8-42; Steele, supra. Thus, under the statute of distributions, Ms. Walker’s heirs at the time of her *705 death were her three surviving daughters, her son, and the children of her two sons who had predeceased her.
In Lowe, the court considered the husband’s right to take a portion of Fulford’s wrongful death recovery as a beneficiary of her daughter’s — his wife’s — estate. The husband was not an heir to Fulford, and the court’s decision that Lowe’s right to the proceeds expired when she died before Fulford’s wrongful death action was filed removed his only claim to those proceeds. In this case, unlike the husband in Lowe, Ms. Walker’s grandchildren by her two sons who had predeceased her are heirs entitled to share in the wrongful death settlement proceeds under § 6-5-410(c). The claims of these grandchildren are based on their status as heirs under the statute of distributions and not as beneficiaries of their fathers’ estates. Accordingly, the trial court should have distributed one-sixth of Ms. Walker’s wrongful death settlement proceeds to the children of Edgar Morris Walker, and one-sixth of the proceeds to the children of Lindsay Albert Walker, to be divided equally among them.
The judgment of the trial court is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
All the judges concur.