MURDOCK, Justice
(concurring specially).
I concur in the denial of Eric DeWayne Taylor’s petition for a writ of certiorari to the Court of Civil Appeals in regard to that court’s decision in Taylor v. Newman, 93 So.3d 108 (Aa.Civ.App.2011). In particular, I concur with the statement of this Court that the denial of the petition should not be read by the bench and bar as an approval of the analysis offered in Taylor. I write separately to explain some of the more fundamental reasons I agree with that statement.

Facts and Procedural History

Taylor is the son of Jimmy Patrick Newman (“Newman”), deceased. The personal representative of Newman’s estate is Newman’s brother, Jerry Wayne Newman (“Jerry”). Taylor contends that Taylor and Wendy Marie Newman (“Wendy”), who is Newman’s daughter, are Newman’s heirs. Based on the facts alleged in Taylor’s petition to this Court, Newman’s estate consisted of “assets of only $1,076.09.” See Ma.Code 1975, § 43-8-1(8) (defining the estate as “the property of the decedent whose affairs are subject to this chapter” of the Probate Code).
Taylor’s petition, however, is not concerned with the administration and distribution of the $1,076.09 that constituted Newman’s estate. In March 2005, the Mobile Probate Court granted letters of administration for the estate to Jerry. According to the Court of Civil Appeals, “[t]he probate court included in the letters of administration a provision restricting Jerry from settling any litigation on behalf of the estate without the approval of the probate court; the estate had filed a wrongful-death action against the other party involved in the automobile accident in which [Newman] had been killed.” 93 So.3d at 110. Taylor’s petition is concerned with his failed attempt to persuade the Mobile Probate Court to undo orders issued by that court concerning the distribution of proceeds from the settlement of a wrongful-death claim that arose out of *119 Newman’s death and that was filed pursuant to § 6-5-410, Ala.Code 1975.

Discussion

Notwithstanding the foregoing procedural history, an estate cannot file a wrongful-death action. See Ala.Code 1975, § 6-5-410; Downtown Nursing Home, Inc. v. Pool, 375 So.2d 465, 466 (Ala.1979) (noting that the “right” to file a wrongful-death action is “vested in the personal representative alone”).[1] As a corollary, the proceeds from the settlement of the wrongful-death claim that arose out of Newman’s death are not a part of Newman’s estate. See, e.g., Steele v. Steele, 623 So.2d 1140, 1141 (Ala.1993) (“[D]am-ages awarded pursuant to [§ 6-5-410] ... are not part of the decedent’s estate.”).
This Court has long recognized that,
“[i]n prosecuting [wrongful-death] actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy....”
Hatas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761 (1965); see also Steele, 623 So.2d at 1141 (noting that the “personal representative ... act[s] as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages”). “Upon a recovery, [the personal representative] acts as a quasi trustee for those who are entitled thereto under the statute of distribution. Such damages are not subject to administration and do not become part of the deceased’s estate.” United States Fid. & Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 155, 274 So.2d 615, 621 (1973). Indeed, commenting on an earlier version of Alabama’s wrongful-death statute, this Court noted that the legislature has
“impose[d] upon the administrator a trust separate and distinct from the administration. The trust is not for the benefit of the estate, but of the widow, children, or next of kin of the deceased. The administrator fills this trust, but he does not do it in the capacity of representative of the estate. It is altogether distinct from the administration, notwithstanding it is filled by the administrator.”
Hicks v. Barrett, 40 Ala. 291, 293 (1866) (discussing Ala.Code of 1852, § 1938).
Taylor’s petition concerns the Mobile Probate Court’s denial of his postjudgment motion to set aside that court’s orders purportedly (1) approving Jerry’s settlement of the wrongful-death claim and (2) approving the distribution of the proceeds from the settlement of the wrongful-death claim as part of the “final settlement” of Newman’s estate. The settlement proceeds, less attorney fees, were distributed to Wendy. The facts stated in the opinion of the Court of Civil Appeals would support the notion that Wendy was the only heir of Newman’s known to the probate *120 court, to Wendy, and to Jerry at the time of the final settlement of Newman’s estate in May 2006.
In 2010, after Taylor discovered that Wendy had received a substantial monetary settlement from the wrongful-death action, he initiated, a paternity proceeding to establish that he was Newman’s son. A few days after Taylor received a judgment of paternity in January 2011, Taylor filed the aforementioned motion to set aside the probate court’s orders concerning the approval of the wrongful-death-claim settlement and the final settlement of Newman’s estate. Taylor’s postjudgment motion was filed pursuant to Rule 60(b), Ala. R. Civ. P.[2] The probate court denied the motion, and the Court of Civil Appeals affirmed that denial. See Taylor, 93 So.3d at 113.[3]
Most of Taylor’s arguments in his petition to this Court, and much of the Court of Civil Appeals’ discussion in Taylor, relate to statutes applicable to the adminis *121 tration of an estate. Those statutes, however, are inapposite because the proceeds from a wrongful-death claim are not part of the decedent’s estate, see Steele, supra; thus, they are not included within the estate administration.
For example, the Court of Civil Appeals could not properly have applied the limitations period from Ala.Code 1975, § 43-8-5. Taylor, 93 So.3d at 114. Section 43-8-5 applies to proceedings “under this chapter,” i.e., chapter 8 of the Probate Code, which concerns certain matters relating to the administration of estates, not the settlement of, or the distribution of proceeds from, a wrongful-death action.[4]
Similarly, the Court of Civil Appeals’ discussion of §§ 43-2-60 and -61, Ala. Code 1975, which concern notice to creditors of the decedent, not to heirs, is misdirected. Indeed, if the Court of Civil Appeals application of those sections were correct, an heir would be “barred” from receiving his or her inheritance when he or she failed to file a claim with the probate court. See Ala.Code 1975, § 43-2-60 (notice must inform the claimant that failure to present a claim “within the time allowed by law” will result in the claim being “barred”). In addition, it may be noted that such a conclusion obviously cannot be reconciled with the statute governing automatic devolution of title to a decedent’s property, see Ala.Code 1975, § 43-2-830.[5]
Further, I note that Taylor may indeed have cause to have the orders at issue set aside, though not for any grounds he raised in his petition to this Court or in his Rule 60(b) motion.[6] Rule 60(b)(4), Ala. R.App. P., authorizes a trial court to set aside a judgment or order where it lacked subject-matter jurisdiction. In pertinent part, § 12-13-1, Ala.Code 1975, provides:
“(b) The probate court shall have original and general jurisdiction over the following matters:
[[Image here]]
“(3) All controversies in relation to the right of executorship or of administration.
“(4) The settlement of accounts of executors and administrators.
“(5) The sale and disposition of the real and personal property belonging to and the distribution of intestate’s estates.”
*122 The foregoing categories of jurisdiction concern matters relating to the administration of a decedent’s estate; they do not authorize the probate court to entertain a motion concerning the approval of the settlement of a wrongful-death claim by a personal representative or to enter an order concerning the distribution of the proceeds from a settlement in such an action as part of the final settlement of the estate. Likewise, matters concerning the personal representative’s settlement of a wrongful-death claim and the distribution of the proceeds therefrom do not fall within the Mobile Probate Court’s general equity jurisdiction, which is limited to matters of equity “in the administration of the estates,” Act No. 91-131, Ala. Acts 1991, and to “any proceeding involving a testamentary or inter vivos trust.” Ala.Code 1975, § 19-3B-208. The matters at issue do not concern the administration of Newman’s estate, nor do they concern a testamentary trust or an inter vivos trust.
BOLIN, J., concurs.

. Because we do not have the record on appeal before us, however, I cannot confirm whether the wrongful-death action was filed by Jerry, as personal representative of Newman's estate, or by the estate itself, as the Court of Civil Appeals states in its opinion. Concomitantly, in reference to the Court of Civil Appeals’ description of litigation-settlement-restriction language contained in Jerry’s letters of administration, the probate court has no power to issue such a restriction as to the settlement of litigation in which the estate has no interest, i.e., a wrongful-death action. See discussion, infra.

. Citing § 12-13-12, Ala.Code 1975, and its decision in McGallagher v. Estate of DeGeer, 934 So.2d 391, 399 n. 2 (Ala.Civ.App.2005), the Court of Civil Appeals references § 12-13-12 as the basis for applying the Alabama Rules of Civil Procedure to the proceedings of the Mobile Probate Court. Section 12-13-12 states that "[t]he provisions of this code in reference to evidence, pleading and practice, ... so far as the same are appropriate, ... are applicable to the proceedings in the probate court.” Rules 1(a) and 81, Ala. R. Civ. P., however, specifically address the applicability in probate court of the Alabama Rules of Civil Procedure adopted by this Court. See Rule 1(a), Ala. R. Civ. P., Committee Comments to Amendment of June 17, 1975. Rule 1(a) states that "[t]hese rules govern procedure ... in all ... courts where appeals lie directly to the Supreme Court or the Court of Civil Appeals, in all actions of a civil nature ..., except probate courts not exercising statutory equitable jurisdiction, and proceedings enumerated in Rule 81, and other exceptions stated in Rule 81." As to the Mobile Probate Court, see Act No. 91-131, Ala. Acts 1991 (amending Act No. 974, Ala. Acts 1961, and granting the Mobile Probate Court, as to the administration of estates, equity jurisdiction concurrent with the circuit court and providing that appeals from the orders, judgments, and decrees of that court in such, matters lie to the Supreme Court); see also, e.g., Lenton v. Lawler, 641 So.2d 794, 794 n. 1 (Ala.1994) (noting the equitable jurisdiction granted to the Mobile Probate Court pursuant to Act No. 91-131).

. Included in Taylor’s postjudgment motion denied by the probate court was a “claim” by Taylor for "compensatory damages, punitive damages, and attorney fees” against Wendy, Jerry, and Fidelity and Deposit Company of Maryland, which issued the surety bond regarding Jerry’s administration of Newman’s estate. Taylor, 93 So.3d at 112. Section 43-2-111, Ala.Code 1975, provides:
"The personal representative and the sureties on his bond are liable to the parties in interest for the due and legal distribution of all damages recovered by such representative under sections 6-5-391, 6-5-410 or 25-6-3, and are subject to all remedies which may be pursued against such representative and sureties for the due administration of personal assets.”
Cf. Boutwell v. Drinkard, 230 Ala. 212, 160 So. 349 (1935) (noting that, in the context of claims initiated in a circuit court action, heirs may pursue legal (tort) and equitable (constructive-trust) claims against a personal representative who has wrongfully converted assets of the estate); Ramser v. Blair, 123 Ala. 139, 144, 26 So. 341, 342 (1899) (stating, in regard to a will beneficiary’s action initiated in a circuit court against the personal representative for interest due the beneficiary as a specific legacy under the will, ”[w]e think there can be no doubt of plaintiff's right of action at law, and that it was properly brought for money had and received”).
Section 43-2-111 authorizes an action against the personal representative and his or her sureties in regard to the distribution of proceeds of a wrongful-death action. The language now codified as § 43-2-111 was originally codified as § 2593, Ala.Code of 1886, a companion provision to § 2589, Ala. Code of 1886, the predecessor statute to § 6-5-410. Section 43-2-111 does not expressly vest the probate court with jurisdiction over such an action.

. Section 43-8-5 by its terms provides a one-year statute of limitations. The commentary explains that this one-year statute of limitations was adopted in concert with the similar one-year limitations period then prescribed by § 6-2-3, Ala.Code 1975. More recently, however, § 6-2-3 has been amended to provide a two-year limitations period. The legislature has yet to make a corresponding change in the language of § 43-8-5.

. Among other concerns I have with the Court of Civil Appeals’ opinion is its treatment of Rule 60(b)(3), Ala. R. Civ. P., as the source for "an independent action seeking to have a judgment or order set aside on the basis of fraud.” 93 So.3d at 114. The reference to an “independent action” found in Rule 60(b) is not found in clause (3) of that rule, and it is a reference to an action that exists independent of the rule. See Rule 60(b), Ala. R. Civ. P. (“This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”).

.Taylor’s petition asserts that the probate court lacked jurisdiction because it failed to notify him of the proceedings concerning the approval of the wrongful-death settlement and the final settlement of the estate, i.e., it lacked personal jurisdiction. He bases his argument on notice provisions from statutes governing certain estate-administration proceedings, which, consistent with the foregoing discussion, are inapplicable to his case.